Nazario BURGOS, Appellant

v.

Mary CANINO; Marshall, Correction Officer; Day, Lieutenant; Levi Hosband; Tony Wolfe; Cuddeback, Correction Officer; David DiGuglielmo;

---

Corrette, Correction Officer; Lieutenant Doyle; Lieutenant Smith; Correction Officer Cho; Correction Officer Barrata; Scott Davies.

No. 09–3443.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal for Jurisdictional Defect or Possible Dismissal Pursuant

to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 17, 2009.

Opinion filed: Dec. 23, 2009.

Nazario Burgos, Graterford, PA, for Appellant.

Claudia M. Tesoro, Esq., Sue A. Unger, Esq., Office of Attorney General of Pennsylvania, Philadelphia, PA, for Mary Canino; Marshall, Correction Officer; Day, Lieutenant; Levi Hosband; Tony Wolfe; Cuddeback, Correction Officer; David Diguglielmo; Corrette, Correction Officer; Lieutenant Doyle; Lieutenant Smith; Correction Officer Cho; Correction Officer Barrata; Scott Davies.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Nazario Burgos, proceeding *pro se*, filed a civil suit pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against numerous officials and employees at the State Correctional Institute at Graterford, where he is a prisoner. He presented claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. The District Court, ruling on motions filed by most of the defendants, granted summary judgment on

each count in favor of all defendants but a defendant named Lieutenant Smith. As the footnote to the District Court's order reads, "[t]he only remaining defendant is Lieutenant Smith who has failed to move for summary judgment." Burgos appeals.

After Burgos filed his notice of appeal, he requested an entry of final judgment pursuant to Rule 54(b) (actually his request was not a true Rule 54(b) request, but a request for judgment against the remaining defendant). The District Court denied the request, noting that Burgos could withdraw his claim against Smith so that he could proceed with his appeal.

■ The first issue is whether Burgos's appeal should be dismissed for lack of appellate jurisdiction. The answer is no. Although Burgos included claims against Smith in his amended complaint, Smith was never served with process. *See* District Court Docket Entry No. 87 (noting that the summons was returned unexecuted). Because Smith was not served, he was never a party to the lawsuit within the meaning of Rule 54(b). *See United States v. Studivant*, 529 F.2d 673, 675 n. 2 (3d Cir.1976). Accordingly, the District Court's judgment is final (without Burgos withdrawing his claim against Smith), and we have jurisdiction pursuant to 28 U.S.C. § 1291. *See id.*

Our review of the District Court's decision to grant summary judgment is plenary. *See Abramson v. William Paterson College*, 260 F.3d 265, 276 (3d Cir.2001). On review, we will affirm the District Court's judgment because no substantial issue is presented on appeal. *See* L.A.R. 27.4; I.O.P. 10.6.

As the parties are familiar with the facts (which were summarized on pages one through five of the District Court's opinion), we will discuss them as they become relevant to our analysis of Burgos's claims. We first address his claims of retaliation. To prevail, Burgos had to prove that the conduct that led to the alleged retaliation was constitutionally protected. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). He needed also to show that, at the hands of prison officials, he suffered some adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *See id.* Burgos also had to prove that his constitutionally protected conduct served as a substantial or motivating factor for the adverse action. *See id.* Defendants could rebut by showing by a preponderance of the evidence that they would have taken the adverse action even in the absence of the protected activity. *See id.*

■ As the District Court did, we accept that Burgos engaged in constitutionally protected activity when he filed his grievances and helped others file lawsuits and grievances, but we conclude that his claims fail for other reasons. Burgos contended that Scott Davies retaliated against him by requiring him to submit to urinalysis testing and threatening to issue a misconduct report if he refused to comply. In this case, the one required urinalysis (also required of many inmates after a report about the odor of marijuana) was not an adverse action. Also, because threats alone do not constitute retaliation, the claim relating to the threat failed. *See Maclean v. Secor*, 876 F.Supp. 695, 699 (E.D.Pa.1995) (collecting cases). For the same reason, Burgos's retaliation claims against Kyungkuk Cho, based on unfulfilled threats, did not survive the motion for summary judgment.

■ Burgos also claimed that Lieutenant M. Doyle retaliated against him by denying or delaying grievances he filed. Doyle presented evidence that he investigated and responded to complaints and a grievance Burgos filed. Burgos himself submitted the grievance and the response. Although Doyle rejected the grievance, he provided evidence that he did so on the

basis of an investigation. Doyle also admitted that he filed a late response to a grievance simply because he forgot to sign a document. Burgos did not raise a genuine issue of material fact in his opposing declaration relating to reasons for the rejection of the grievance or any delay in a response. Accordingly, as the District Court concluded, the claim for retaliation against Doyle also fails.

■ Burgos also alleged that Michael Baratta refused to provide him cleaning supplies or to restore running water to his cell after his cell block flooded and the prison cut off water flow to the affected cells in response. Baratta disputed the claims, and Burgos seems to have presented more evidence about his complaints about the water (or lack thereof in his cell) than about the actual absence of water in his cell. Burgos (Second) Decl. ¶ 7 & Collins Decl. ¶ 7 (a fellow inmate's description of Burgos yelling about a water interruption) & Ex. 2 to Burgos (Second) Decl. (complaining about a four-day denial of hot water in a grievance filed contemporaneously with the incident). However, even taking Burgos's claims as true, under the undisputed circumstances, namely, an emergency situation within the prison, we agree with the District Court that the temporary inconveniences Burgos suffered did not amount to retaliation.

■ Burgos also alleged that Adriano Carrete denied him his one-hour recreation period, tampered with his food, intercepted his mail, prevented him from subscribing to the newspaper, and generally threatened and harassed him. As noted above, mere threats do not constitute retaliation. Furthermore, Burgos did not pursue the mail interception claim after he mentioned it in his complaint. Even assuming that Carrete deprived Burgos of his recreation period (a contention that Carrete denied), there is evidence in the record that for the time period in question, Burgos had ample opportunity to exercise when Carrete was not on duty, Carrete Decl. ¶ 6; Burgos Dep. 53:15–17, such that any deprivation caused by Carrete did not rise to the level of an adverse action. Carrete also stated that he did not tamper with Burgos's food. Burgos tried to counter that claim by falsely stating that Carrete did not deny the allegations, Burgos (First) Decl. ¶ 36, and with the declaration of a fellow inmate. However, the inmate did not aver that Carrete tampered with Burgos's food. Instead, he stated that he once saw Carrete feed an inmate food with goose feces on it. Collins Decl. ¶ 11. Accordingly, Burgos did not show that there was a genuine issue of material fact. Similarly, he did not dispute the evidence that he had a newspaper subscription during the time in question except for the one month. Rosso Decl. ¶ 4. The defendants also implied that Burgos submitted his cash slip too late for the newspaper. Id. However, even if Carrete somehow interfered with Burgos's submission of his payment for his newspaper subscription, the interference would not deter a person of ordinary firmness. Accordingly, he did not show that Carrete retaliated against him.

■ Burgos's claims against Mary Canino relate to the disciplinary hearing at which he was found guilty, based on the urinalysis results, of marijuana use in prison. After reviewing the evidence in the record, we agree with the District Court that there is no evidence that Canino's decisions relating to the proceeding or her ultimate decision that Burgos was guilty of misconduct were motivated by any animus for Burgos. Similarly, his retaliation claim against Levi Hosband, Tony Wolfe, CO III Day, and David DiGuglielmo, who reviewed Burgos's appeal from the misconduct finding, fails because Burgos cannot show that these defendants based their decision on anything other than the hearing record.

Lastly, in regards to retaliation, judgment was properly entered in favor of CO I Cuddeback because Burgos did not include specific claims against him and conceded that he had no claims against him. Burgos Dep. 25:4–8. In short, the District Court properly entered judgment in favor of all the defendants on the Burgos's claims of retaliation.

▪ Burgos also asserted that Canino, DiGuglielmo, Hosband, Day, and Davies violated 42 U.S.C. §§ 1985(2) & (3) and 1986 by intimidating a witness, obstructing justice, and neglecting to prevent a conspiracy. However, Burgos's claim of witness intimidation failed when he admitted that he was not a witness in any civil litigation, Burgos Dep. 9:1–9. *See Malley–Duff & Assoc., Inc. v. Crown Life Ins. Co.*, 792 F.2d 341, 356 (3d Cir.1986) (setting forth the elements of the cause of action). His charge of obstruction of justice also fell because the evidence on which it was based—a single incident in which Carrete used of a derogatory term when he told another inmate that the derogatory term did not describe him, Carrete Decl. ¶ 8— was not sufficient. *See Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir.1976). His action under § 1985(3) also did not survive the motion for summary judgment because, against the evidence that the defendants did not act or conspire to deprive him of his rights, he only presented his allegations that there was a conspiracy against him. *See* Fed.R.Civ.P. 56(e)(2); *see also Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997) (setting forth the requirements for a cause of action under the statute). Because his claims under § 1985(2) & (3) did not survive, his claims under § 1986 could not either. *See Brawer*, 535 F.2d at 841; *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir.1980).

▪ The District Court properly entered judgment in favor of the defendants on Burgos's claim of a conspiracy under § 1983, too. In response to defendants' evidence that they did not agree to deprive him of a constitutional right, Burgos did not offer sufficient evidence of an agreement. *See Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir.1993), *overruled on other grounds, UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392 (3d Cir.2003). As the District Court concluded, his unsubstantiated allegations as to most of the defendants, and his claim that a person who is not a defendant asked Canino not to disclose his urinalysis results for security reasons (and Canino's compliance with the request), did not constitute proof of a conspiracy. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184–86 (3d Cir.2009). Furthermore, Burgos himself conceded that he never observed the defendants discussing the issues he raised. Burgos Dep. 33:2–7.

▪ Burgos also sued four defendants for violations of the Eighth Amendment's prohibition on cruel and unusual punishment. As the District Court explained in more detail, even assuming that Burgos was occasionally denied an exercise period by Carrete when he was in the RHU, he did not suffer cruel and unusual punishment in light of the evidence of his ample opportunity to exercise, Carrete Decl. ¶ 6; Burgos Dep. 53:15–17. Any limited deprivation of water and sanitary conditions after a flood at the prison also did not violate Burgos's Eighth Amendment rights. *See Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (advising wise-ranging deference relating to how they resolve problems that arise in the day-to-day operation of a prison). Furthermore, Burgos's unsubstantiated claim of emotional harm from being yelled at in a humiliating or demeaning manner for not following orders did not constitute an Eighth Amendment violation.

▪ Burgos also brought an unreasonable intrusion claim under the Fourth

Amendment against six defendants, alleging that he was forced to submit a urine sample for an unlawful, non-random analysis, the results were used to discipline him, and the disciplinary sanctions were upheld. As the District Court explained, based on the evidence in the record, the testing of Burgos's urine was part of an investigation into drug use after a prison official smelled marijuana near Burgos's cell. Given the justification for the testing, we agree with the District Court that under *Bell* there was no unreasonable intrusion or Fourth Amendment violation. We also agree with the District Court that Burgos's related state law contract claim relating to the forced testing of his urine is without merit. Also, as did the District Court, we conclude that he is not entitled to just compensation under the Takings Clause for the urine used in the urinalysis.

 The District Court also properly granted summary judgment in favor of the defendants on Burgos's procedural and substantive due process and equal protection claims. First, Burgos did not suffer an atypical or significant hardship when he served 83 days of a 90–day RHU detention for being found guilty of marijuana use in prison. *See Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir.1997). Moreover, the record is rife with evidence that Burgos was afforded due process; he was provided with the charges, he was permitted to retest his urine, and he was made aware of the evidence against him. Canino Decl. ¶¶ 4–9. Also, he was permitted to appeal the decision (which was based on two lab reports indicating marijuana use). Accordingly, the District Court properly granted judgment in favor of the defendants on Burgos's procedural due process claims. As the District Court

concluded, the defendants were also entitled to judgment on the substantive due process claims because not only did Burgos not specifically articulate a substantive due process claim, but also to the extent that he alluded to one, it was better considered under other more specific constitutional provisions. *See County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Lastly,[1] Burgos's claim of a violation of equal protection, based on a broad allegation and no evidence in the face of the defendants' evidence to the contrary, properly did not survive the defendants' motion for summary judgment.

In conclusion, for the reasons given above (and for the reasons given by the District Court), the District Court properly granted summary judgment in favor of the defendants. Because no substantial issue is raised on appeal, we will summarily affirm the District Court's judgment.

---

1. We do not address Burgos's claims of a First Amendment violation because they were only against a defendant that he dismissed from the action and Smith, who was never served.